UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES FLANNERY,

                Plaintiff,

-against-

HBO DIGITAL SERVICES, INC. et al.,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7//29/2025

25-CV-01106 (MMG)

**ORDER OF DISMISSAL**

MARGARET M. GARNETT, United States District Judge:

      Plaintiff James Flannery commenced this action on February 7, 2025, more than five months ago. Since then, Plaintiff has failed to file proof of service on the docket and has failed to respond to a Court order directing him to show good cause why service has not been effected and warning him that failure to timely serve Defendants would result in dismissal of the action for failure to prosecute. For the reasons that follow, this action is dismissed, *sua sponte*, without prejudice under Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

      Plaintiff filed his complaint in this action on February 7, 2025. *See* Dkt. No. 1. As such, the deadline for Plaintiff to serve Defendants was May 8, 2025. *See* Fed. R. Civ. P. 4(m). On July 3, 2025, the Court issued an order noting that no proof of service had been filed on the docket and directing Plaintiff to file a letter by July 18, 2025, either providing proof as to any purportedly effected service or demonstrating good cause as to why he failed to effect service within the 90 days permitted by Rule 4(m). *See* Dkt. No. 6. The Court expressly warned Plaintiff that "this case may be dismissed for failure to prosecute without further notice to any party" if Plaintiff failed to file a letter by July 18, 2025. *See id.* Despite this clear notice, Plaintiff has to date failed to file a letter as directed by the Court, failed to file proof of service of the summons and complaint, and has had no communication with the Court since the case began in February 2025. Defendant has not appeared in this action.

## DISCUSSION

      Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

      Here, more than 90 days have passed since the filing of the complaint, and Plaintiff has not filed proof of service on the docket. Moreover, the Court already notified Plaintiff that the action may be dismissed if by July 18, 2025, Plaintiff did not either file proof of service or show good cause as to why he failed to effect service. Therefore, the action is dismissed without prejudice under Rule 4(m). *See Ungaro v. Aaron*, No. 24-cv-00339 (RA), 2024 WL 3678437, at *1 (S.D.N.Y. Aug. 5, 2024).

Rule 41(b) of the Federal Rules of Civil Procedure supplies an additional basis for dismissing the action. "Under [Rule 41(b)] and the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte* and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of a judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966) (per curiam); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (the authority of a federal court to dismiss a plaintiff's action *sua sponte* for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts").

In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

More than five months have passed since Plaintiff commenced his action on February 7, 2025, *see* Dkt. No. 1, and more than ten days have passed since his deadline to show good cause as to why he failed to effect service, *see* Dkt. No. 6. Not only has Plaintiff failed to comply with the Court's order dated July 3, 2025, but there has been no effort to offer any explanation or seek adjournment or extension of the Court's directives and deadlines. Plaintiff's lengthy inaction weighs in favor of dismissal.

In addition, Plaintiff was on notice that failure to comply could result in dismissal. On July 3, 2025, the Court warned Plaintiff that failure to file proof of service or to show cause why service could not be effected could result in dismissal of the action for failure to prosecute. *See id.* As of the date of this Order, Plaintiff has still failed to file proof of service upon Defendants and has not contacted the Court in any way to seek an extension or explain his failure to comply with Rule 4(m) and with the Court's Order.

Further, the Court has a strong interest in managing its docket and cannot wait indefinitely for Plaintiff to turn his attention to this case. Plaintiff has been reminded of his obligations and has expressly been warned that failure to serve Defendants could result in dismissal of the case. Moreover, "'it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket' where [Plaintiff has] 'made no effort to comply with the Court's orders or to prosecute this case." *Ungaro*, 2024 WL 3678437, at *2 (internal marks omitted) (quoting *Antonio v. Beckford*, 05-cv-02225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006)). Thus, the balancing of interests favors dismissal.

Finally, in light of Plaintiff's failure to respond to the Court's orders, the inability of the Court or of any party to proceed in this case unless and until Plaintiff serves Defendant, and the mandates of Rule 4(m), the Court finds that no sanction other than dismissal is adequate. *See id.* Because the dismissal is based on Plaintiff's failure to serve under Rule 4(m), the dismissal is without prejudice. *See* Fed. R. Civ. P. 4(m).

## CONCLUSION

For all of the reasons stated above, it is hereby ORDERED that this case is dismissed without prejudice. The Clerk of Court is directed to CLOSE the case.

Dated: July 29, 2025
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge